BYRNE, Respondent, v. OCHSNER HARDWARE COMPANY,
Appellant.
(137 N. W., 54.)

1. **Justice of the Peace—Appeal—Notice and Undertaking—Dismissal of Appeal.**

    An appeal from justice court to circuit court will not be dismissed because notice of appeal and copy of undertaking served failed to state the amount of costs rendered in justice court.

2. **Justice Court—Appeal—Undertaking—Dismissal of Appeal.**

    That the undertaking on appeal from justice to circuit court was insufficient as both an appeal and a stay bond, is no ground for dismissal of appeal, where the bond was sufficient as a cost bond.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by James Bryce against Oschner Hardware Company. From an order dismissing an appeal from justice court, defendant appeals. Reversed.

*Emil J. Woerth,* for Appellant.

Appellant contends that he was under no obligation in law to serve a copy of his undertaking on appeal upon the plaintiff, and that the one served was more in the nature of an accommodation than the performance of a duty made incumbent by law, and that therefore the plaintiff's claim alleging insufficiency of the defendant's undertaking to confer jurisdiction on the circuit court, based upon the failure of his "copy" of the undertaking to state the amount of costs taxed in the justice court, is untenable and cannot stand.

There is one further ground or reason set up in plaintiff's notice of motion to dismiss appeal, and that is "that the notice of appeal does not state the amount of the judgment appealed from in that it fails to state the costs." This statement is incorrect, in so far as it pertains to the "original" notice of appeal. This original notice of appeal, as served and filed, comprises page 5 of the abstract herein. It affirmatively shows that the costs are stated therein, and that the amount of such costs as stated is $41.05.

We believe that the plaintiff's motion to dismiss defendant's appeal should have been disregarded and overruled by the court, and particularly so upon being advised of the regularity of the "original" notice of appeal and undertaking then on file with the clerk of court.

*Ward B. Dyer,* for Respondent.

No brief was filed on the part of Respondent.

WHITING, J.   This action was brought in justice court, wherein a judgment was rendered in favor of plaintiff for damages and costs. The defendant attempted to appeal to the circuit court by serving and filing a notice of and undertaking upon appeal. In the circuit court the plaintiff moved to dismiss such appeal. The motion was based "upon the notice of appeal, undertaking on appeal, and all files and records in the  *  *  *   case,"

and was upon the following grounds: "(1) That the said notice of appeal does not state the amount of the judgment appealed from in that it fails to state the costs. (2) That the undertaking on appeal does not state the amount of the judgment appealed from, in that it fails to state the amount of the costs. (3) That the said undertaking on appeal is insufficient in amount and form failing therein to give the circuit court jurisdiction." The circuit court granted the motion to dismiss, and in its order stated that said motion to dismiss said appeal was made "upon account of the failure to·serve notice and upon the insufficiency of the appeal bond." It is from this order dismissing the appeal to circuit court that defendant has appealed to this court.

[1] Appellant, in his brief, concedes that the copy of the notice of appeal and the copy of the undertaking served on respondent omitted to state the amount of the costs rendered in justice court, and appellant seems to be of the opinion that it was owing to such omissions that the circuit court dismissed the appeal, and it insists that the circuit court erred in so doing. There is nothing in the record transmitted from the circuit court to lead one to believe that the trial court based its ruling upon any omission in the copies of either of said papers. The motion to dismiss did not purport to be based upon any defect in the copies served and the original notice of appeal and undertaking clearly stated the amount of costs. If the circuit court based its ruling upon any such omission in the copies, such ruling was clearly error.

It will be noticed that the circuit court stated that one ground of motion to dismiss was "the failure to serve notice." The record upon appeal shows that no such ground was urged in the motion, and it, furthermore, shows that the notice of appeal was duly served.

[2] It will be seen that the third ground stated in the motion raised the sufficiency of the undertaking, and this ground is recognized in the order of dismissal. We may fairly presume that the circuit court's order was based upon this part of the motion. It seems to be the theory of appellant that the court dismissed the appeal because the copy of undertaking served upon the respondent

failed to state the amount of costs. If the ruling of the court was based upon such omission, it was clearly error (1) because the motion in no manner urges, and the record does not reveal, that the copy served was defective; (2) because there is nothing in our statute requiring the service of a copy of the undertaking on appeal, and the original undertaking filed did state the amount of the judgment both as to damages and as to costs. The undertaking filed is clearly sufficient as a cost bond, being identical in its conditions with the bond construed by this court in the case of Aultman, Miller & Co. v. Nelson, 11 S. D. 338, 77 N. W. 584, though it would be insufficient as both a cost and stay bond.

The order of the trial court is reversed.